STATE EX REL. FRANK L. BARLOW v. FRED R. ZELLER, STATE COMPTROLLER

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 81787

Memorandum filed April 10, 1950

*Samuel Reich* and *George A. Saden,* both of Bridgeport, for the Plaintiff.

*William L. Hadden,* Attorney General, and *Jack Rubin,* Assistant Attorney General, both of Hartford, for the Defendant.

DALY, J. The respondent, Fred R. Zeller, was the duly elected comptroller of the state of Connecticut on May 21, 1947, and prior thereto. On that date and prior thereto the relator, Frank L. Barlow, was an employee of the state, holding the position known as "Assistant Deputy Comptroller in charge of the Real Assets Division" in the office of the comptroller. Said position was in the classified service of the state.

The relator claims, as alleged in paragraphs 4, 5, 6 and 7 of the amended application and complaint and alternative writ of mandamus, as follows: "4. On May 20, 1947, the then Governor of the State of Connecticut, James L. McConaughy, informed the defendant Fred R. Zeller, that he, the Governor, demanded that your relator submit a 'resignation' of your relator's position by 11:00 A. M. the next day, otherwise he, as

Governor, would immediately take drastic action of an undis-closed nature to discredit your relator publicly and in that or some other manner force him to resign; and said Governor Mc-Conaughy instructed the defendant to convey his demands to your relator and to obtain said 'resignation.'

"5. Sometime after 9:00 A. M. on May 21, 1947, pursuant to the Governor's instructions, the defendant, Fred R. Zeller, conveyed said Governor's demands and threats to your relator, and as a result thereof your relator was completely taken by surprise, was greatly dismayed and disturbed and fearful of the tremendous power and prestige of the Governor of the State of Connecticut and of the harm that might be visited upon him in the event he did not accede to the Governor's demands, and was thus coerced and intimidated by said Governor's threats and de-mands into submitting shortly before 11:00 A. M. on May 21, 1947, a paper purporting to be a 'resignation,' but which in fact was involuntarily submitted against his own free will and de-sire, and was only submitted because of said Governor's coercive demands as set forth above.

"6. At the time said purported 'resignation' was submitted, your relator had in fact no voluntary intention to resign inas-much as the thought, intention, or desire to resign had never entered his mind, and he had in fact no such desire or intention.

"7. As a result of said Governor's coercion and duress exer-cised upon your relator and resulting in said involuntary 're-signation,' your relator has been wrongfully and illegally pre-vented from performing the duties of his said position in the classified service, although he has been and still is ready, willing and able to do so."

The respondent denies these allegations and affirmatively avers in the return, as follows: "1. On and for some time prior to May 21, 1947, Frank L. Barlow was an employee of the State of Connecticut holding the position known as 'Assistant Deputy Comptroller in Charge of the Real Assets Division' in the Office of the Comptroller under the classified service of the State of Connecticut.

"2. On May 21, 1947 the said Frank L. Barlow resigned from said position as an employee of the State of Connecticut.

"3. The said position known as 'Assistant Deputy Comp-troller in Charge of the Real Assets Division' in the Office of the Comptroller of the State of Connecticut was cancelled and

abolished as a position in the classified service as of April 15th, 1947 by General Letter No. 198 issued by Glendon A. Scoboria, Personnel Director, by order of the then Governor of the State of Connecticut, James L. McConaughy."

In exhibit C, a letter to the late Governor McConaughy dated May 21, 1947, the relator said, in part: ·"Attached please find copy of my resignation as Asst. Deputy Comptroller which has been forwarded to Comptroller Fred R. Zeller.

"In submitting my resignation to you, I would like to explain that I am doing so in order that a man whom I consider to be the most capable, honest and efficient administrator in State service, as well as a friend of mine, may be relieved from further embarrassment caused by misrepresentation of facts with regard to the leasing of the Plimpton Building by me as his employee."

It will be noted that in this letter, five pages in length, the relator did not express any feeling that Governor McConaughy or any one else had used any coercion or duress. Likewise, in it the relator did not indicate in any way that his resignation was not voluntary. The relator's own testimony was to the effect that Mr. Zeller had told him that if he didn't resign the governor would take drastic action. There is no evidence that "drastic action" would be taken against the relator. In the original application and complaint for mandamus, dated February 20, 1948, there is no allegation that the relator did anything because of threats, coercion or duress.

On May 21, 1947, the relator, Frank L. Barlow, resigned from his position as assistant deputy comptroller in charge of the real assets division in the office of the comptroller. That position was abolished as a position in the classified service.

The issues are found for the respondent. Judgment is rendered accordingly.